FILED

AUG 28 2015

CLERK, US DISTRICT COURT, WDNY

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ALFREDO LEWIS,

                Plaintiff,

            -v-

GOWANDA CORRECTIONAL FACILITY,
SUPERVISOR COUNSELOR CABEARA,
SUPERVISOR COUNSELOR WASIELEWKI,
COUNSELOR MS. MCDANIEL, SERGEANT JOHN DOE,
CORRECTIONAL OFFICER, JOHN DOE,
individually and in their official capacities,

                Defendants.

_____

DECISION AND ORDER
15-CV-0168A

## **INTRODUCTION**

Plaintiff, Alfredo Lewis, an inmate currently incarcerated at the Shawangunk Correctional Facility, who was incarcerated at the Gowanda Correctional Facility ("Gowanda C.F.") at the time of the events alleged in the complaint, filed this *pro se* action under 42 U.S.C. § 1983 and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket Nos. 8-9.).  Plaintiff claims that on February 6, 2015, he was confronted by defendant Wasielewki, Supervisor Counselor, Gowanda C.F., and asked if he had written letters of complaints to defendant Cabeara, Supervisor Counselor, Gowanda C.F., and Albany.  He stated that "yes" he had written the letters of complaint, at which time Wasielewki became very upset and angrily responded "who do [you] think you [are] to preceive [sic] what is taking place in the ones in greens sitting in prison."

(Docket No. 1, Complaint, at 3.)[1] He claims that he explained to Wasielewki that the reason for the letters was to get someone to look into four different issues. First, that he should not have been required to enroll in a Sex Offender Treatment Program because his criminal offense (Stalking, Second Degree) was not a sex offense. Second, that when he was received into state custody at Barehill Correctional Facility in December 2014, he spoke to a Counselor and was told he would be placed in his "set programs" in order to "make [his] Merit Board" requirements within six months. Complaint, at 4.) However, when he arrived at Gowanda C.F. he was interviewed by defendant McDaniel, Counselor, and he explained to her that the Sex Offender Program was not a required Program for the Merit Board. McDaniel responded that if he did not sign the program agreement/contract she would recommend to the Merit Board that he not be released. Third, that he was questioned by McDaniel about his parent's sex life when he was a child and he complained that these questions had nothing to do with him or the Sex Offender Program. Fourth, that if he or the other inmates did not answer McDaniel's questions the way she wanted them answered, she would have a "major outburst" and this caused some inmates to make up stories so they did not get on McDaniel's bad side. Plaintiff refused to lie, however. (Complaint, at 3-5.)[2]

During the confrontation with Wasielewki on February 6, 2015, she became very upset and stated "' it seem like [you] want to fight the program and [you] will get what my hand [sic] call for." (*Id.* at 5-6.) Plaintiff was then dismissed and sent back to the session room. The session had ended at around 9:00am and plaintiff was then approached by his Housing Area Officer that the Area

---

[1]References are to the Court's Case Management/Electronic Case Management System ("CM?ECF").

[2]The Court does not construe plaintiff's complaint as asserting claims related to the Sex Offender Program and the issues related to it, but rather that these issues are raised as part of plaintiff's retaliation claim against Wasielewki.

Sergeant wanted to speak with him. When he arrived at the front of the Area, the Area Sergeant asked for is identification and instructed him to step into the stairway. Another Officer stood in the stairway and instructed plaintiff to put his hands on the wall. Plaintiff was frisked by the Officer, his hair was pulled by the Sergeant and he was punched "rapidly" in his stomach. The Sergeant then stated "'what the hell do [you] think [you are] doing writing letters. If [you are] trying to get staff terminated . . . I'm going to put your black ass in the S.H.U. box.'" (Complaint, at 6.) On the way to SHU, the Sergeant stated to the other Officer that if plaintiff was "lucky" he would not be put in a place where his body could not be found. When plaintiff was placed in SHU, B27, he was told by another set of Officers that the Sergeant was coming back for him. (*Id.*)

Plaintiff claims that Cabeara had passed his letter of complaints off to Wasielewki to address instead of handling the complaint himself and that Wasielewki had McDaniel "accompany" her to write up false charges against plaintiff with "pure malice" so that he would be placed in SHU in retaliation for his letters of complaint to Wasielewki and McDaniel's supervisors.

For the following reasons, plaintiff's request to proceed as a poor person is granted, his claims against defendants Gowanda C.F. and Cabeara, and the claims against each of the defendants in their official capacities, are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and service by the U.S. Marshals is ordered with respect to the retaliation claims against Wasielewki and McDaniel. Further, the New York State Attorney General's Office will be directed to ascertain the identities of defendants Sergeant John Doe and Correctional Officer John Doe, the Sergeant and Correctional Officer who allegedly assaulted plaintiff on February 6, 2015, as set forth in the complaint.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an

Authorization with respect to this action, plaintiff is granted permission to proceed *in forma*

*pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an

initial screening of this complaint. In evaluating the complaint, the Court must accept as true all

of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage,*

318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson,* 189 F.3d 284, 287 (2d Cir.

1999). While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they

allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even

pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of

Civil Procedure. *Wynder v. McMahon,* 360 F.3d 73 (2d Cir. 2004). "Specific facts are not

necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and

the grounds upon which it rests.' " *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Bell*

*Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal quotation marks and citation

omitted). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be

heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might

be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon,* 480 F.3d 636,

639 (2d Cir. 2007) (quoting *Gomez v. USAA Federal Savings Bank,* 171 F.3d 794, 796 (2d Cir.

1999) (*per curiam* )).

Based on an evaluation of the complaint, the Court finds that plaintiff's claims against

defendants Gowanda C.F. and Cabeara, and the claims against each of the defendants in their

official capacities, must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) because they fail to

4

state a claim upon which relief may be granted and because Gowanda C.F. is entitled to immunity under the Eleventh Amendment.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)).

## A. PLAINTIFF'S CLAIMS

Plaintiff claims that he was retaliated against and assaulted as a result of the letters of complaint he had written to defendant Cabeara and presumably the New York State Department of Corrections and Community Supervision's Central Office in Albany complaining about his Counselors at Gowanda C.F., defendants Wasielewki and McDaniel.

### 1. Eleventh Amendment Immunity

To the extent plaintiff sues Gowanda C.F. and the defendants in their official capacities, said claims must be dismissed. The Eleventh Amendment bars federal courts from exercising subject matter jurisdiction over claims against states absent their consent to such suit or an express statutory waiver of immunity. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-100 (1984). It is well-settled that states are not "persons" under § 1983, and thus Eleventh Amendment immunity is not abrogated by that statute. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66-67, 109 S. Ct. 2304, 105 L. Ed.2d 45 (1989). The Eleventh Amendment bar extends to agencies and officials sued in their official capacities. *Kentucky v. Graham*, 473

U.S. 159, 166 (1985); *see also Saxon v. Attica Medical Dept.*, 468 F.Supp.2d 480, 484

(W.D.N.Y.2007) (Larimer, D.J.) (claims against Attica Medical Department are barred by

Eleventh Amendment immunity). Plaintiff may therefore sue the defendants in their official

capacity only if they consent to be sued, *Pennhurst*, 465 U.S. at 99-101, and in New York the

state has not consented, *see, e.g., Huang v. Johnson*, 251 F.3d 65 (2d Cir. 2001). Therefore, the

Eleventh Amendment bars plaintiff's claims against Gowanda C.F. and the official capacity

claims against each of the defendants.

2. Counselor Supervisor Cabeara

Plaintiff claims that Cabeara, a Counselor Supervisor at Gowanda, "did not take charge of

the matter [and] passed it down to 2nd Supervisor Counselor Ms. Wasielewki . . . ." (Complaint,

at 6.) There are no allegations that Cabeara was involved in any way in the writing of the false

misbehavior report against plaintiff or the alleged attack on plaintiff in the stairway.

Accordingly, the claims against Cabeara must be dismissed.

Plaintiff may not rely on the doctrine of *respondeat superior* to establish liability in a §

1983 action. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-95

(1978). "The bare fact that [the defendant] occupies a high position in the New York prison

hierarchy is insufficient to sustain [plaintiff's] claim." *Colon v. Coughlin*, 58 F.3d 865, 874 (2d

Cir. 1995). Instead, a showing of some personal responsibility on the part of an employer is

required. In the case of an individual defendant, plaintiff must show that the defendant was

personally involved in a constitutional deprivation, *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir.

1997), or that the defendant, employed in a position of control, failed to remedy the alleged

wrong after learning of it, or created a policy or custom under which unconstitutional practices

occurred, or was grossly negligent in managing subordinates, *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *see also Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (setting forth five categories under which a supervisory official may be personally involved for liability under § 1983).

Because plaintiff's claims fail to allege Cabeara's personal involvement in the alleged retaliation and assault, the claims against him are dismissed with prejudice.

### 3. Identification of Sergeant, John Doe, and Correctional Officer, John Doe

Plaintiff alleges that his Area Sergeant and a Correctional Officer assaulted him in the stairway on February 6, 2015 and then escorted him to SHU. (Complaint, at 6.) He cannot identify these two defendants.

Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997)(per curiam), the Court requests the New York State Attorney General's Office to ascertain the full names of the John Doe defendants plaintiff seeks to sue. The Attorney General's Office is also requested to provide the addresses where the two John Doe defendants can currently be served. The Attorney General's Office need not undertake to defend or indemnify these individuals at this juncture. This order merely provides a means by which plaintiff may name and properly serve the defendants as instructed by the Second Circuit in *Valentin*.

The New York State Attorney General's Office is hereby requested to produce the information specified above regarding the identities of the John Doe defendants to the Court's Pro Se Office in Buffalo, New York by September **25, 2015**. Once this information is provided, plaintiff's complaint shall be deemed amended to reflect the full names of the defendants, summonses shall be issued and the Court shall direct service on the defendants.

7

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee, his request to proceed *in forma pauperis* is hereby granted. For the reasons discussed above, plaintiff's claims against defendants Gowanda C.F. and Cabeara, and the claims against each of the defendants in their official capacities, must be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) (ii) and (iii) and 1915A, and the U.S. Marshal is directed to serve the summons and complaint on Supervisor Counselor Wasielewki and Counselor Ms. McDaniel regarding the remaining retaliation claims.

Upon identification of the John Doe defendants, plaintiff's complaint shall be deemed amended to reflect the full names of those defendants, summonses shall be issued and the Court shall direct service on those defendants.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff's claims against defendants Gowanda C.F. and Cabeara, and the claims against each of the defendants in their official capacities, are dismissed with prejudice;

FURTHER, that the Clerk of the Court is directed to terminate defendants Gowanda Correctional Facility and Supervisor Counselor Cabeara as parties to this action;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon Supervisor Counselor Wasielewki and Counselor Ms. McDaniel at the Gowanda Correctional

Facility without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;[3]

FURTHER, that the New York State Attorney General's Office is hereby requested to produce the information specified above regarding the identities of the John Doe defendants to the Court's Pro Se Office in Buffalo, New York by September **25, 2015**. Once this information is provided, plaintiff's complaint shall be deemed amended to reflect the full names of the defendants, summonses shall be issued and the Court shall direct service on the defendants.

FURTHER, the Clerk of the Court is directed to forward a copy of this Order by email to Michael Russo, Assistant Attorney General in Charge, Buffalo Regional Office <Michael.Russo@ag.ny.gov>;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to respond to the complaint.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: _____, 2015
Rochester, New York

---

[3]Pursuant to a Standing Order of Court, filed September 28, 2012, a defendant will have 60 days to file and serve an answer or other responsive pleading, *see* Fed.R.Civ.P. 12(a)-(b), if the defendant and/or the defendant's agent has returned an Acknowledgment of Receipt of Service by Mail Form within 30 days of receipt of the summons and complaint by mail pursuant to N.Y.C.P.L.R. § 312-a.